BANK OF NORTH AMERICA, (LEMOINE v.) See Case No. 8,240.

## Case No. 893.

### BANK OF NORTH AMERICA v. MEREDITH.

[2 Wash. C. C. 47.] [1]

Circuit Court, D. Pennsylvania. April Term, 1807.

NEGOTIABLE INSTRUMENTS—LIABILITY OF INDORSERS—APPLICATION OF SECURITY BY CREDITOR.

M. and R. had become, by separate engagements, liable to make up any deficiency of the proceeds of property assigned to the plaintiffs to pay the debts of another, for equal portions of which they were also liable as endorsers. After the deficiency was ascertained, an account was rendered, in which the proceeds of the sale were credited to both M. and R. R. having become insolvent, the court refused to permit the plaintiffs to apply the proceeds of the property to discharge the whole of R.'s engagement, and to claim the whole deficiency from M.; the plaintiffs having applied the proceeds, in the first instance, to the discharge of both debts.

[See Cremer v. Higginson, Case No. 3,383.]

This was a case stated for the opinion of the court. The Schuylkill and Susquehannah Canal Company drew a bill for 7,000 dollars on their treasurer in favour of Ruston, and another in favour of the defendant for 10,000 dollars, which they endorsed, and got discounted at the Bank of North America. These drafts were protested, and the canal company conveyed to the bank considerable property, with a declaration of trust, that if the above debt of 17,000 dollars was not paid in a certain time, the property should be sold to discharge it. Ruston and the defendant entered into separate engagements, to continue responsible for what might not be raised by this property. The bank sold the property, and rendered two accounts at different times, in which the canal company is charged with the 17,000 dollars, and interest, and credited with the sale of the above property as the money was received. Ruston having become insolvent before those accounts were rendered, the question reserved is, whether the proceeds of the property sold shall be applied first, to discharge Ruston's bill, and the residue to be applied to the defendant's; or whether they shall be applied to both, in proportion to their amount.

Lewis and Gibson, for the plaintiff, contended that the bank had a right to make the application; which was denied by Read, for defendant, and he cited 1 Vern. 34.

WASHINGTON, Circuit Justice. Both law and equity are against the plaintiffs. Upon the strictest principles of law, the plaintiffs have lost their election. The deed from the canal company made a specific application of these funds to both debts; and the bank, by the two accounts, understood it in this way,

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

and applied the proceeds to the two bills. To attempt to vary this application, after the failure of Ruston, cannot now be permitted. Those payments, therefore, must be applied to both, in proportion to their amounts.