The opinion of the court was delivered by
Gibson, J.
As the charge of the judge was right on ail the points but one, it is unnecessary to make any other than that point the subject of particular remark. The jury were directed, that under the circumstances of the case, the right to appropriate the payment made on the 3d of July, 1820, devolved on the plaintiffs below, The circumstances of the case were these: The plaintiffs, Conrad and Lancaster, had distinct claims against the defendants, Har~ Jeer and Thorn, for labour and materials furnished towards the erection of a house in Walnut street, and certain houses in Fourth street. The last item of their account, in respect of the Walnut street house, is dated the 12th of February, 1819. The deed from HarJeer and Thorn to Mr. Hopkins, the purchaser of this house, and the party substantially interested, bears date the 15th of May, 1819. The plaintiffs filed their lien against this house, on the first of July following: consequently, Mr. Hopkins purchased without notice. The last item of charge, in respect of the houses in Fourth street, is dated the 3d of March, 1820; and, consequently, on the 3d of July, 1820, when the five hundred dollars were paid by HarJeer and Thorn, the plaintiffs had a lien on the houses in Fourth street, which was equally as operative as that on the house in Walnut street, and to perpetuate which, required .only that it should be filed of record, as had already been done in the case of the house in Walnut street. The case, then, was just this: The plaintiffs had separate demands in respect of different houses, and liens on those houses respectively, which were equally operative and equally permanent, or, what is the same thing, the means of making them such. A payment was made without actual appropriation by cither party, and the plaintiffs, after haying *305 suffered one of their liens to expire, claim a right at the trial to appropriate the payment to the discharge of their demand, in respect of which their lien had so expired; and this against a person who had become a purchaser without notice, of the property on which, according to this mode of appropriation, there would be a subsisting incumbrance. Although, as between the immediate parties, the creditor has a right to appropriate where the debtor has failed to do so, yet this right must be exercised within, at the furthest, a reasonable time after the payment, and by the performance of some act which indicates an intention to appropriate. It is too late to attempt it at the trial; and, were it otherwise," there Xvould, in the absence of an actual appropriation by the debtor, be no rule on the subject but the will of the creditor, which would in all cases be decisive. But such is not the fact. In default of actual appropriation the matter is to be determined by rules and circumstances of equity. The debtor has a right to make the application in the first instance, and failing to exercise it, the same right devolves on the creditor: but where neither has exercised it, the law nevertheless presumes, in ordinary cases, that the debtor intended to pay in the way which at the time was most to his advantage. Thus, if it xvere peculiarly the interest of the party to have the money received in extinguishment of a particular demand, the law intends that he paid it in extinguishment of such demand, and that the omission to declare his intention was accidental. Such intendment is reasonable and natural, and one which will, in most cases, accord with what was actually the fact: it is therefore equivalent to an exercise of the party’s right by acts, or an express declaration of intention. Where, however, the interest of the debtor could not be promoted by any particular appropriation, there is no ground for a presumption of any intention on his part, and the law then raises a presumption, for the same reason, that the payment was actually received, in the way that was most to the advantage of the creditor. I think these principles, as furnishing general rules, may fairly be extracted from the cases. Then, according to this, if the controversy was between the original parties, it would admit of a doubt whether the payment ought not to be considered, as having been made on the foot of the account for materials furnished to the houses in Fourth street, because, by having it so applied, the plaintiffs would secure their whole demand, without the expense and trouble of filing their lien against those houses, whilst Harher and Thorn would not have beeh benefitted by having it applied to" either demand in particular. But the introduction of a purchaser without notice into the case, leads to an opposite result. He stands in superior equity to Harher and Thorn, who were bound in conscience to protect the title which they had conveyed to him, and who there is therefore as much reason to presume intended to make this payment for his benefit, as there would be to presume that they intended to apply it in the way most conducive *306 to their Own interest, if a particular application - of it could have' produced an equal benefit to themselves. The law ought to presume, and does presume, that every man is governed by the dictates of conscience, and that he will do what honesty requires of him, even though it be against his interest. Such a presumption can prejudice no one, nor does it injure the plaintiffs here. They were bound by every consideration of equity, to perpetuate their lien on theffiouses in Fourth street, and thus, while they secured themselves, to cast the burden on those whose duty it was to bear' it. Having failed to do so, the purchaser stands in superior equity also to them; and they must therefore bear a loss which arose en-¡ tirely from their own neglect, and which it was their duty to prevent
Judgment reversed.