CALEDONIA,
March,
1828.

Brewer et al.
*vs.*
Story et als.

</div>

---

DAVID BRIGGS *vs.* HOSEA WILLIAMS and SONS.

<div style="text-align:right; float:right; margin-left:1em;">

BENNINGTON
*February,*
1829.

</div>

† One who pays money to another may, at the time of payment, direct the application, and on his neglecting to do so, the payee has the right to make the application at any reasonable time after, but is not obliged to make it at the time of receiving the money.

 If neither party elect, the Court will direct the payment to be applied on those debts which are not well secured, in preference to those which are.

Action of *assumpsit* on promisory note.—This cause came before the Court on the following bill of exceptions :

" On trial the plaintiff offered in evidence his note and endorsements, which were in the following words and figures ;

" $800.—On demand, for value rec'd, we the subscribers, of

BENNINGTON," *Manchester*, promise to pay *E. Warren, Bro's & Co.* or order, February, 1829. " eight hundred dollars, with interest.   *Troy*, Sept. 11th, 1824.
"*Hosea Williams & Sons.*"

Briggs *vs.* Williams et als. Indorsement—" Pay the contents to *David Briggs*, at his risk, " without recourse to us.                   *Esaias Warren,*
*Stephen Warren,*
*Nathan Warren.*"

The defendants then offered and read in evidence a receipt in the following words and figures :

" *Manchester*, 1st Feb. 1825.   Rec'd of *Messrs. Hosea Will-* " *iams & Sons* three notes dated 26th January, 1825, and signed " by *Hiram J. Blackmer,*for nine hundred dollars, and payable at " nine, eighteen, and twenty seven months, with interest after " six months.   Also, Rec'd of *Hosea Williams & Sons,*three notes, " dated 26th January, 1825, signed by *Daniel Griffith,* for three " hundred dollars each, and payable at one, two and three years, " with interest from date ; which notes,when paid, are to be applied " to the payment of  *E. Warren, Bro's. & Co's. Lewis Lyman* & " *Co's.* and *Southwick, Cannon & Warren's* demands against the " said *Hosea Williams & Sons,* in proportion to their respective " demands.   " Signed,        *E. Warren, Bro's. & Co.*
*Southwick, Cannon & Warren.*"

The defendants proved that the said *Blackmer* and  *Griffith* had made payments on the notes described in  said receipts, on. which it was admitted the dividends of the said *E. Warren, Bro's. & Co.* were as follows : " 20th Nov. 1825, four hundred ten dollars and fifty cents.   10th Oct. 1826, four hundred thirty three dollars, fifteen cents.   26th Nov. 1826, one hundred forty seven dollars and four cents."   It did not appear that the defendants had any notice of the above payments at the time they were made.

The plaintiff then produced three other notes signed by the said *Hosea Williams* & *Sons,* payable on  demand, with  interest, to the said *E. Warren, Brothers & Co.* bearing even date with the above described  note, amounting in the whole to twenty five hundred and nineteen dollars and twenty three cents, on  which the above mentioned payments purported to  be endorsed, as above dated.   The defendants then proved that a suit was commenced by the said *E. Warren, Brothers & Co.* on the  three last mentioned notes, on the same day of  the commencement of  this suit, and is now pending in court, and that the  payments were not endorsed thereon at the time they purport to be, but were made since the last term of the court, and since the time the defendants claimed their application upon the note in  this suit, which was at the last August term, (1827) and that plaintiffs thereupon insisted, and claimed, to  have the payments applied to the other notes. Whereupon the defendants counsel requested the court to instruct the jury, that the defendants had a right  to direct the application

BENNINGTON,
February,
1829.

Briggs
vs.
Williams et als.

of the payments upon the note in question ; but the court decided that the said *E. Warren, Brothers & Co.* had a right to make the application and endorsements as they had, and thereupon directed a verdict for the plaintiff." The defendants excepted, and removed the cause to this Court on a motion for a new trial.

*Sargeant, for the defendants.*—The question in this case is whether the payments made by *Blackmer* and *Griffith* to *E. Warren, Brothers & Co.* shall be applied to the extinguishment of the note described in the declaration, or whether the application shall be made to other notes held by the said *E. Warren, Brothers & Co.* against the defendants. We hold it a well settled doctrine that the party paying money has the right to direct its application, and all the exceptions to this rule arise from the actual *laches* or neglect of the debtor.—1 *Swift's Dig.* 298—9.—1 *Esp. N.P.* 227.

It is said if the debtor neglect to direct the application, the creditor may apply the payment to what demand he pleases. Be it so, yet we insist that the true rule gives the right to the debtor until the creditor makes the application ; and how can the creditor be said to make his election, until he makes it manifest by applying the payment ? In the present case it appears the defendants claimed the application on the note in question in August, 1827, which may be supposed the first opportunity they had, after the payment had come to their knowledge, and in the month of April, 1828, or after, the said *Warrens* applied the payments to the other notes against the defendants, and antedated the application back to 1825—6.

Again, the right of the defendants to make the election could not be forfeited until they had opportunity to elect. Here, the payments were made by third persons, *(Griffith* and *Blackmer)* without the knowledge of *Williams* and *Sons* ; and how could the defendants be said to neglect when they had no knowledge of the payments ? All the cases giving the right to the creditor to apply the payments are based upon the fact that the debtors made the payments themselves, and neglected to direct their application, with a full knowledge of the payments, and consequently do not come within the reason of this case.

*Bennett and Aikin, for the plaintiff.*—It is admitted, as a general rule, that the party paying money has a right, at the time of payment, to direct its application.—*Cro. Eliz.* 68.—But if he neglect, at the time of payment, to direct the application, the right to direct then devolves on the party receiving the money.—*Stra.* 1194.—1 *Stark. C.* 153.—5 *Taunt.* 597,—4 *Cranch,* 316.—14 *East,* 243, *(note.)*—3 *Stark. Ev.* 1091.

BENNINGTON,
February,
1829.

Briggs
vs.
Williams et al. In the present case, the debtors having neglected to direct as to the application of the monies paid, the creditors have made it. By assigning the note in question to the plaintiff, they signified their election to apply the payments on the notes retained by them. Suppose they had sued this note in their own right, retaining in their hands other notes sufficient to cover the payments, could the defendants compel the application to be made *on the notes sued*, and recover a bill of cost? Much less can they defeat *Briggs*, the endorsee, by directing, subsequently to the endorsement to him, the payments all to be applied on this note. It cannot vary the case, because it did not appear, that the defendants had notice of the payments at the time they were made. For, if their interests could be at all affected by the particular application, they might have directed it in the receipt.

Again, as they had appointed third persons to make payments for them, it was always in their power to ascertain when the money was paid, or they might have directed the application prospectively. But it is manifest that they could have no interest to direct the application to be made on this note rather than the others, except for the purpose of thwarting an election previously made by the creditors. Suppose they had assigned to the plaintiff either of the other notes, what would have been their defence?

TURNER, J. delivered the opinion of the Court. The only question raised in this case is, with regard to the application of the money received by *E. Warren, Brothers & Co.* From a thorough examination of the cases cited by the parties, and from a number of recent decisions, the principles which govern this case seem to be well settled. The payer, at the time of payment, has the right to direct the application, and upon his neglect, the payee has a right to make his election, and is not bound to make it at the time of receiving the money, but may at any reasonable time after. And if neither party elect, the law will make the application, which requires that the debts which have the most precarious security should be first extinguished. And the Court are bound to carry into effect the object of the law, that is, so to apply the payment that the creditor may obtain satisfaction for his debt. The application of these principles must be plain and easy.

The defendants being indebted to *E. Warren, Brothers & Co.* in a large sum, executed to them several notes, all on demand, of equal date, and payable in cash. And having afterwards assigned to them and others, the notes of *Griffith* and *Blackmer*, mentioned in the receipt, a certain portion of which, when paid, was to

be applied on the *Warrens'* demands ; and, having then neglect- ed to make a special application, thereby lost the right, being a constructive payment sufficient to give the creditor the right up- on the neglect of the debtor. The receipt also expresses a contract by which both parties were bound, and an application of the payment by the payees to any particular note was in pursuance of it, so long as it went to the extinguishment of the general debt. The payee's endorsement of this note to the plaintiff was notice to the defendants that the application had been made on the other notes. If we were to consider that neither of the parties had directed the application of the money, most assuredly the Court would apply it on the notes retained by the *Warrens*, and not on that over which they had no controul.

<div align="right">Judgment affirmed.</div>

HUTCHINSON, J. *dissentiente*. I do not know as there is any importance in this decision, beyond the bill of cost, as applied to these parties ; but the principle is important; and I am unable to view it as my brethren do. I agree with them in the principle, that, if the person paying money neglects to apply it to any particular demand, the person receiving has a right to apply it to which demand he pleases ; and, had the plaintiff made the application before suit, in the present case, the defendants could not complain. But, it does appear to me, that, as the payment was received by the plaintiff and applied nowhere, and the notes sued, and the defendants obliged to come to court, and make defence, for the sole purpose of compelling the application somewhere, his right of election was restored ; and, when he had pleaded this payment in one suit, the creditor could not defeat that plea, by applying the money in payment of a note comprised in another suit.

*Aikin* and *Bennett*, for plaintiff.

*Sargeant*, for defendant.