WILLIAM STARRETT *versus.* JOHN BARBER, JR. & al.

Where a note was made by one as principal, and others as sureties, payable to a person from whom it was then expected that money might be received therefor, but who declined to furnish it, and the sureties consented that the note might be passed to any one who would advance the money, it is available against them for the benefit of such person, in an action in the name of the payee with his assent.

Where property is put into the hands of the payee of a note by the principal promisor as collateral security therefor, it is received by him under an implied obligation to account for the proceeds. And whatever expense is necessarily incurred by him in asserting his title, or in rendering it available, is a fair charge upon the property, and the balance only is to be applied to the payment of what is due.

And if in a suit in relation to such property by the payee of the note, he calls the principal promisor as a witness, and releases him from the warranty of title to the property, implied in the bill of sale, such release does not discharge the principal or sureties.

Where money is paid, the right of appropriation belongs to the debtor; but if he makes no appropriation, it belongs to the creditor to determine to what debt a payment shall be applied, to be exercised within a reasonable time after payment.

If the creditor holds two notes, and an unappropriated payment is made amounting to enough to pay one of them, his bringing a suit on one of the notes is an election to appropriate the money to the payment of the other.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

Assumpsit upon a promissory note given to William Starrett by John Barber, Jr. as principal, and the other two defendants, Lothrop and Woodman, as sureties. The note was introduced in evidence, and the plaintiff there rested his case.

The defendants then called a witness, who testified that after the commencement of this suit, on inquiry about the note, Starrett told him, that he, Starrett, had not and never had any interest in the note, and that Aaron Davis was prosecuting this suit to recover the amount thereof, which had been loaned to Barber on the note; that Barber wished to obtain a loan of money, and for that purpose, the note in suit to Starrett, and another payable at a different time, were made, under the expectation of receiving the money of him, but Starrett did not

furnish it; that he afterwards applied to Davis, who loaned the money, and received the notes, and as security therefor a bill of sale made by Barber to him of a certain quantity of logs; that a controversy arose about the logs, and a suit was brought by Davis therefor, wherein he finally prevailed, and recovered a sum of money, but not to the amount of both notes, after deducting the expenses, but more than sufficient to pay either; that at the time the bill of sale was made, and the notes delivered over to Davis, it was agreed between him and Barber, that if he realized more from the notes and logs than the sum loaned, he should pay the balance to Barber; and that at the time of the trial of the action respecting the logs, Davis called Barber as a witness, and that on his being objected to as interested, the plaintiff released Barber, and he was permitted to testify. The terms of this release do not appear.

The defendants contended, that as it appeared in evidence that William Starrett had not and never had any interest in the note in suit, the action could not be maintained in his name.

Upon this point, the Judge instructed the jury, that if they were satisfied from the evidence that Starrett knew of and assented to the bringing of the action in his name, the action was maintainable, although he might not ever have had any interest in the note.

The defendants then contended, that Barber could not bind the other defendants, excepting according to the tenor thereof, and therefore was not authorized to dispose of the note to any other person than Starrett, in the absence of any testimony showing the assent of the sureties to the transfer of the note to Davis.

Upon this point, the jury were instructed, that if they were satisfied from the evidence, that it was the understanding between Barber and the sureties at the time of the making of the note, that it was to be thrown into the market, and used generally for the purpose of raising money, Barber had a right to dispose of it to whom he chose, or could procure the money from, and the sureties were bound by the transfer.

The defendants further contended, that inasmuch as Davis had received from the sale of the personal property more than sufficient to pay the amount of the notes, the defendants were entitled to have the same appropriated to the payment of the notes.

Upon this point, the Judge instructed the jury, that as to the expense of recovering and taking care of the property to make it available for the purpose for which it was pledged, Davis was entitled to an indemnity from the property thus secured to him, and that the jury might cast interest on the sum loaned to the time of the first payment, deduct therefrom (principal and interest,) the amount paid, cast interest on the balance to the time of the next payment, which deduct from principal and interest added, and return a verdict for the balance, if any, they found to be due, after deducting the amount realized from the pledged property, less the expense incurred by Davis in taking care of and preserving the property.

The verdict was for the plaintiff, and the defendants filed exceptions.

*W. G. Crosby,* for the defendants, admitted that the first objection was untenable.

The second request for instructions should have been granted. *Allen* v. *Ayers,* 3 Pick. 298.

But the Judge erred in declining to give the instruction requested on the third point, and in giving such as he did.

The general rule of law is, that where the payment made is capable of different applications, the party who pays the money has the power to apply it as he chooses; but if he does not apply it, the party who receives it may make the application. 2 Pothier on Obl. 45; 1 Wash. C. C. R. 133. This application may be made by the person paying at any time before the appropriation is made by the party receiving it. 7 Wheat. 20; 2 N. H. R. 196.

The release to one discharges the whole. *Walker* v. *McCulloch,* 4 Greenl. 421.

*Williamson,* for the plaintiff, considered that the money was appropriated to the payment of one note by the plaintiff, and the balance only is claimed. The right to do this is admitted. The expenses of the suit were to be deducted on every principle of justice and equity.

The release to Barber was a mere release of his liability on the bill of sale of the logs claimed in that suit, and was in no respect a release of his liability on the note. *Bank of Chenango* v. *Hyde,* 4 Cowen, 567.

The opinion of the Court was by

WESTON C. J. — The counsel for the defendants waives his objection, taken at the trial, of a want of interest in the nominal plaintiff. If the sureties consented, that the note might be passed to any one, who would advance the money, which the jury have found, it was available against them, although not taken by the payee, named in the instrument.

The property put into the hands of the plaintiff, by the principal debtor as collateral security, was received by him under an implied obligation to account for the proceeds. Whatever expense was necessarily incurred by him in asserting his title, or in rendering it available, would be a fair charge upon the property. Whatever he realized and no more, if he conducted faithfully, he was bound to apply to the payment of what was due to him from the defendants.

It is said that the release given to Barber, extinguished any further claim, on the part of the plaintiff. The controversy in relation to which the release was executed, was in reference to the title of the plaintiff to the logs, which formed the principal part of his collateral security. It discharged Barber from the warranty of title, implied in his bill of sale. The utmost extent to which it could be carried is, that it should be the same thing to Barber, whether the title under him was sustained or not; and that he would account with him for the logs, whatever might be the termination of that suit. This would remove any interest which Barber had in the result, which was the

Starrett *v.* Barber.

object of the release. And it ought not to be construed to extend further.

A question is raised as to the right of appropriation of the money received. This belongs to the debtor. But if he makes no appropriation, it will generally be in the power of the creditor to determine to what debt a payment shall be applied. *Simson* v. *Ingraham*, 2 Barn. & Cress. 65 ; *Hilton* v. *Burley*, 2 N. H. R. 193. In *Harker* v. *Conrad*, 12 Serg. & Rawle, 301, the same general doctrine is recognized. But in the last case it was held, that the right of appropriation by the creditor should be exercised within a reasonable time after payment, and by the performance of some act, which indicates an intention to appropriate. The plaintiff did not obtain execution on his judgment in his suit for the logs until July term, 1837. It was returnable at the December term following. When the money was collected does not appear. Assuming that it was realized on the return day of the original execution, an action was instituted on the note now in suit, in somewhat less than three months afterwards. This may be regarded as an election to apply the payment to the extinguishment of the other note, and a claim to recover what was unpaid on the note in suit. The debtor had made no appropriation. The election of the defendant to claim this as a subsisting note, not wholly paid, was virtually an appropriation of the moneys received, as far as necessary to the payment of the other. The suit was a sufficient indication of his intention, which we think was manifested within a reasonable time ; especially as the delay occasioned no injury or prejudice to the creditor. We sustain the opinion of the presiding Judge, as in accorddance both with the law and justice of the case.

*Exceptions overruled.*