DANIEL S. PUTNAM, CHARLES E. CLEVELAND, DAVID S. AUSTIN, ELIJAH SPENCER, HARVEY HERRICK AND MOSES MONTAGUE *v.* THOMAS P. RUSSELL AND SARAH DOW, Administrators of FRANCIS DOW,

AND

THE SAME *v.* THE SAME.

[IN CHANCERY.]

Where D. was indebted to A., for which he executed certain promissory notes, and secured them by mortgage upon land, and afterwards executed to him other notes, which were not secured, and, before payment of any of the notes, D. deceased, insolvent, it was held, that, if A., after the execution of the notes, became indebted to D., and no application thereof was made in the lifetime of D., his administrators could not direct the application to be made upon the notes secured by mortgage, but that the law would first make the application upon the notes not secured.

When notes are secured by mortgage on land, and the morgagor dies before payment, it is not necessary that the notes should be presented to the commissioners upon the mortgagor's estate for allowance, in order to keep the mortgage security good;—but, if they are presented and allowed, the mortgage security is not thereby affected.

There is a material distinction between a *payment*, technically as such, and a *claim* which needs to be filed in offset.

THESE were bills brought to foreclose the equity of redemption of mortgaged premises, and, the material facts in each case being the same, they were heard together upon bills and answers.

The orators alleged, in their bills, that Francis Dow, deceased, of whose estate the defendants were administrators, being in his lifetime indebted to one Samuel Austin, Jr., executed to him three promissory notes, and secured the same by mortgages of the premises described in the bills; and that Austin, after the decease of Dow, transferred the said notes, and assigned the mortgages, to the orators.

The defendants, in their answers, after admitting the execution and transfer of the notes and mortgages, as set forth in the bills, alleged that the estate of the said Dow had been by them repre-

Putnam et al. *v.* Russell et al., Adm'rs.

sented to the probate court to be insolvent, and that commissioners had been duly appointed to examine and adjust all claims against the estate ; that, subsequent to the execution of the notes described in the orator's bills, the said Dow had executed to Austin several other notes, not secured in any manner, which notes Austin, after the decease of Dow, assigned and transferred to divers individuals ; that, by an agreement between all the different holders of these notes, including the orators, all the notes, including those held by the orators, were presented to the commissioners for allowance, and were by them allowed at the sum of $745,11 ; that the defendants, at the same time, presented a certain claim in favor of said Dow against the said Austin, on which the commissioners allowed the sum of $493,61, leaving a balance in favor of Austin of $251,51 ; and that the said estate had proved insolvent, and not sufficient to pay more than fifty cents on the dollar of the claims allowed against it.

The defendants farther alleged that no application whatever of the said claim in favor of Dow against Austin had ever been made upon any of the said notes, until the same were exhibited before the commissioners, and they claimed, as trustees of the heirs and creditors, the right of now making application of the sum allowed in favor of the estate, or of so much thereof as might be necessary, upon the notes secured by the mortgages specified in the orators' bills. The defendants farther claimed that the orators, by presenting their notes for allowance by the commissioners, had precluded themselves from bringing their bill to foreclose the mortgages.

The court of chancery decreed that payment should be made to the orators of the balance, ($251,51) allowed in favor of Austin by the commissioners upon all the notes,—being about $30 less than the amount due upon the face of the mortgage notes, and that, in default thereof, the equity of redemption be foreclosed. From this decree the defendants appealed.

*E. Hutchinson* for orators.

A judgment at law for the amount of a mortgage note, in a suit brought directly upon the note, *has never been* adjudged, without payment, a bar to a bill subsequently brought to obtain a decree of foreclosure of the mortgage. The allowance by the commissioners,

can have no other effect, than any judgment at law, establishing the validity of the notes. Had the commissioners decided *against* their validity, and disallowed the mortgage notes, and so reported to the Probate Court, without an appeal from that decision, the case *might* have presented a different aspect. But the allowance by the commissioners, although unnecessary for the purpose of *setting up* the mortgages, so far as it operates at all, *establishes* the mortgage notes, and it is difficult to see why it should at all *impair* the mortgage securites.

After the representation of insolvency and appointment of commissioners, by force of our statute no recovery could be had upon any of the notes, not secured by mortgage, in the name or for the benefit of any one, except by laying them before the commissioners. If not so presented, they are barred. If held by the original payee *at the time of the maker's decease,* they must be presented and allowed, (as was done in this instance,) in the payee's name, and the balance must be struck, and in the same names, as it stood between payee and maker on the day of the decease; no matter how many subsequent transfers may have been made of the notes, and without regard to the question of to whom that balance belongs, should any be found against the estate. *Jarvis* v. *Barker's Adm'r,* 3 Vt. 445. *Leavenworth* v. *Lapham,* 5 Vt. 204.

It was so done in this instance. The mortgage notes, as well as the others, were, by the common consent of their respective holders, all presented and allowed in the name of Austin;—all claims in favor of Dow against Austin were off-set;—and the commissioners struck and reported the exact balance, which was due from Dow to Austin on the day of Dow's decease. That the mortgaged premises would remain holden for the payment of that balance to Austin, had he still remained the owner of all the notes and the mortgages, (it being less than the amount due upon the out-standing mortgage notes,) no one could deny. When, therefore, the defendant's administrators had seen those claims thus adjusted by the commissioners, in the form required by law, they had no farther duty resting upon them in the matter save one,—which was, to pay up the balance reported by the commissioners and procure the mortgages to be discharged of record. Rev. St. p. 289, ch. 51, § 4.

The mortgage deeds, in express terms, grant and confirm the lands in question to Austin *and "his assigns,"* (not during the life of Dow only, but, *"forever,"* as security for the payment, (not of other notes between the same parties, but) of the identical notes described in the conditions of the mortgages. By the contract of the parties, in express terms, nothing but a full extinguishment of the debts, evidenced by the mortgage notes, could divest the title to the mortgaged premises out of Austin, or his assigns, who should become such in all after time, whether before, or after, the decease of Dow. The presenting the mortgage notes before the commissioners was not a matter of necessity to the orators, but was adopted by them, as being a convenient and cheap mode of ascertaining the sum due in equity, in preference to bringing bills to foreclose in the first instance, and submitting to the expense and delay of ascertaining the deduction to be made from the notes, (if any,) in the usual way of contested suits in chancery.

The *pretended* right insisted upon in the answer by the administrators, *"as trustees of the heirs and creditors,"* now to elect to apply the claims allowed by the commissioners in favor of the estate, first to the extinguishment of the mortgage notes,—thereby releasing the mortgaged premises entirely, without payment of a mill, to any one, of the balance found due from Dow at the time of his death,—an election, which it will not be pretended that Dow, if now living, could make,—nor his administrators, were Austin now the holder of all the notes and mortgages,—is too preposterous to require refutation. Besides, the answer clearly shows those sums to be mere matters of *off-set*, not payments. Dow, in his deeds, covenants, for himself *and his administrators*, to *make good* the mortgage security to Austin and his assigns. He being dead, his administrators now claim the right, without payment, to *repudiate* the covenant of their intestate.

*O. P. Chandler* for defendants.

This is an ordinary bill for foreclosure on two notes, given by Dow to Samuel Austin, Jr., and, *since* the decease of Dow, assigned to the orators.

8

1.    These claims stand upon the same footing as the other demands.    The assignee of a mortgage takes it subject to all equitable offsets.    *Niagara Bank* v. *Rosevelt*, 9 Cow. 409.

2.    This is not an attempt to invalidate the mortgage, but to ascertain the sum due in equity on the notes, and should be treated like an interpleader, as the administrators act for all the creditors.

3.    We insist, that, as no application of the offset was made by either party, the law will make the application upon the debt most burthensome to the debtor,—to wit, the mortgages.    *Heywood* v. *Lomax*, 1 Vern. 24.    *Pattison* v. *Hull*, 9 Cow. 765.    *Emery* v. *Tichout*, 13 Vt. 19.    *Robinson* v. *Doolittle*, 12 Vt. 249.

If that rule be not adopted, then we say that no rule can be adopted more favorable to the orator, than to make the application according to equity,—considering all the parties to be affected by it; and as, by the answer, it is shown that the estate pays only fifty *per cent.*, the orator's claim secured should be reduced twice as much as the others.    *Seymour* v. *Van Slyck*, 8 Wend. 405.    *Cremer* v. *Robinson*, 1 Mason 323.    A *pro rata* application would be *more* than justice to the orator, for the reason that he obtains by his security on the land the whole amount, which would reduce the dividend to the amount allowed the other creditors.

The opinion of the court was delivered by

HEBARD, J.    These are bills brought to foreclose the equity of redemption in certain mortgaged premises.    The notes secured, and the mortgage deeds, were executed by one Francis Dow, now deceased, to one Samuel Austin, Jr., and the notes and deeds were duly assigned by said Austin to the orators, after the decease of said Dow.    The estate of Dow was represented insolvent by the administrators upon their appointment, and upon the settlement it turns out to be so in fact.    There were other notes executed by Dow to Austin, not secured, and which were, by Austin, assigned to other individuals, to whom Austin was indebted.

These orators, together with the assignees of the notes not secured, agreed to present the notes, by them all respectively held, to the commissioners, for allowance against said estate, in the name

Putnam et al. *v.* Russell et al., Adm'rs.

of said Austin;—and they were so presented, and were allowed by the commissioners at the sum of $745,11, in the whole ;—and at the same time the defendants, as administrators, presented a claim in offset, which was allowed, by the commissioners, in favor of the estate, and against Austin, to the amount of $493,61,—leaving a balance against the estate of $251,51, which was a sum less, by about $30, than was due upon the notes held by the orators, and secured in the mortgage deeds ;—and this sum the orators ask to have the defendants decreed to pay to them, within some equitable time, or, in default, that the equity of redemption in the mortgaged premises be foreclosed.

The defendants insist that the claim that was presented by them, and allowed in offset, should be treated like a payment, and that, in making the application of that payment, they have a right to elect upon what indebtedness it shall apply. The first difficulty to be overcome, in acceding to that doctrine, will be to liken this *claim*, that was allowed, to a *payment*. The administrators presented a *certain claim* in favor of Dow against Austin ; but what constituted that claim does not appear. Whether it consisted of mutual dealings between the parties, upon running accounts, or whether it was a claim upon some separate and independent contract, or for damages for the non-performance of some contract, or of some other name, or kind, does not appear. But whether it was for some one of these, or for some other that might be named, is not very material, there is a marked distinction between a payment, *technically as such*, and a claim that may be enforced to recover a sum in damages. From anything that appears we are to understand this *claim* to be of the latter kind ; and the most the defendants could insist upon would be to have this *claim*, held by Dow against Austin, balance an equal amount of the claims held in Austin's name.

The orators were under no necessity of presenting their notes to the commissioners for allowance ; they might have relied upon their mortgage security as well without it ; and if they had done so, and left the assignees of the notes, not secured, to have presented their notes for allowance, without the orators presenting theirs, the result would have been a balance of $30, in favor of the estate ;—and in

that case, when the orators should bring their bills as they now have, for a foreclosure, the most, that the defendants could insist upon, would be, the deduction of this $30 from the amount due upon the notes secured by the mortgage, which would leave the same sum due in equity that the orators now claim.  The orators, it is to be presumed, acted upon some such understanding of the law, when they presented their notes for allowance.

What has already been said in relation to this claim against Austin, which was allowed by the commissioners, being a payment will dispose of the whole question.  If it was not to be regarded as a *payment*, then nothing need be said about its application.  The doctrine, I believe, is as well established, as any other, that, where a debtor makes a payment, he may, if he choose, direct its application. · And if he do not direct, the creditor may elect as to the application.  And in the case of *Briggs* v. *Williams*, 2 Vt. 283, the court held, that, if a payment has been made, and neither party has elected as to the application, the court will direct the application to those debts which have the poorest security.

As Dow mortgaged the premises to secure these notes, and did not secure the others, it is to be presumed, as matter of law, that he intended to make a distinction between the two classes of notes, and that the premises should remain as security, till the debt was extinguished by *payments* in fact made, and the application directed to these notes, or until a full settlement and adjustment of the dealings between him and Austin would liquidate and swallow up those notes; and I think the authority cited,—*Niagara Bank* v. *Rosevelt*, 9 Cowen 409,—goes no farther than that.

The decree of the Chancellor is affirmed, with additional costs.