## DENT, et al. v. THE STATE BANK.

1. Where a debtor owing two debts to his creditor, pays a sum of money in gross, and the creditor omits to apply it to either, the debtor, when sued on one of the debts, may insist on the payment to be applied in discharge of that, although the creditor has delayed both debts. *Quere*, if the payment was made for the purpose of extending both debts, and receipted in this way, whether it should not be applied *pro rata ?*

Writ of Error to the County Court of Tuscaloosa.

MOTION by the Bank, for judgment against Pattison and Dent, as indorsers of a bill of exchange, drawn and accepted by R. Caruthers.

The defendants, with other pleas, pleaded payment.

At the trial the defendants proved the payment of ——— dollars. It was also proved that, at the time of this payment, there were two bills between the same parties, held by the bank—that there was no specific application of so much of the payment to this bill, and so much to the other; and the payment was never specifically applied to either debt.

The defendants asked the court to charge the jury, that if the payment was in gross, and the bank had made no specific application of so much to each bill, then the defendants had the right to insist on the application of the payment to the bill in suit. This the court refused, and the defendants excepted.

The court charged the jury, that if the payment proved amounted to an extension of both debts, and there was no appropriation by the bank of a stated amount to the credit of each debt, the payment must be regarded as appropriated to each, *pro rata*, and so they must find. The refusal to charge as requested, and the charge given, are assigned as error.

Peck, for the plaintiff in error.

P. Martin, contra.

GOLDTHWAITE, J.—Both parties concede the rule, that a debtor, when paying money where several debts are owing, has the right to direct its application to either, and if he omits the direction, the right devolves on the creditor ; but the defendants contend that as the creditor has made no application of the payment to either debt, they now have the right to assert it, in discharge of the present suit. We think they were entitled to have the law so declared upon the facts in proof before the jury, inasmuch as there were no circumstances, from which it could be lawfully inferred the several debts were extended by reason of this payment.

If the bank was prepared to show the money was paid for the purpose of extending both debts, and that in point of fact, both were extended, or delayed, in consequence of the payment, it is possible the acceptance of the money under such circumstances, of itself, would be an appropriation by the debtor, and they might have been left to the jury, as sufficient to warrant them in the conclusion that such was the intention of the parties. There was, however, no evidence of the circumstances under which the payment was made, or indeed, that the debts were extended in consequence of the payment.

We think the court erred in refusing the charge requested. Judgment reversed, and cause remanded.