## HAYNES *v.* WAITE *et al.*

IF the debtor at the time of, or previous to, payment, neglects to designate to which of several debts he applies his payment, his right to control the application is gone, and the creditor may exercise it at any time before suit.

The institution of suit, evidences the creditor's application of the payment.

APPEAL from the Twelfth District.

Judgment for plaintiff upon the report of a referee finding, that there was no application of payments by defendants.

Defendants appeal.

*Shafter & Heydenfeldt,* for Appellants.

1. The application by the creditor must be made at the time of payment, if not, the law then intervenes and revokes it. (*United States* v. *Bradbury,* Davies, 146; *Dent* v. *State Bank,* 12 Ala. 275.)

2. Assuming that there was no application by the creditor, then the appropriation is presumed in favor of the debts first due, and the note sued on in this case was the first due. (*Bacon* v. *Brown,* 1 Bibb, 334; *Hager* v. *Bosquet,* 1 Bay, 497; *United States* v. *Kirkpatrick,* 9 Wheat. 720; *Alshan* v. *Coutee,* 4 Har. & J. 351; *Fairchild* v. *Holly,* 10 Conn. 175; *Millekin* v. *Tufts,* 31 Me. 497; *Thompson* v. *Phelan,* 2 Foster's N. H. 339; *Draffen* v. *Boonville,* 8 Miss. 395.) Or, if both debts are due and bearing interest, the application should be made first to the extinguishment of the interest. (*Frazier* v. *Highland,* 1 Har. & J. 98; *Peebles* v. *Gee,* 1 Dev. 341; *Bond* v. *Jones,* 8 S. & M. 368; *Jencks* v. *Alexander,* 11 Paige, 619; *Hart* v. *Dorman,* 2 Fla. 445; *Hampton* v. *Dean,* 4 Tex. 455.)

3. In this case, there was an appropriation by the debtor, which the law implies from the nature of the transaction. The fact that the note in suit bore a heavier rate of interest, draws

the payment towards it, in the absence of specific directions. (*Shaw* v. *Pictou,* 4 B. & C. 715; *Newmarch* v. *Clay,* 14 East, 239; *Godard* v. *Cox,* 2 Str. 1194; *Mitchell* v. *Dall,* 2 Har. & Gill, 159; *Seymour* v. *Van Slycke,* 8 Wend. 403; *West Br. Bank* v. *Morehead,* 5 Watts & Serg. 542; *Howland* v. *Rench,* 7 Blackf. 236; *Baily* v. *Wyncoop,* 5 Gilm. 449.)

Where a debt bears interest, the appropriation to it is inferred as against a debt not bearing interest. (*McTavish* v. *Carroll,* 1 Md. Ch. Dec. 160; *Bussy* v. *Grant,* 10 Humph. 238; *Homer* v. *Kirkwood,* 25 Miss. 95; *Bacon* v. *Brown,* 1 Bibb, 334.)

4. In the absence of an appropriation by the debtor, the authority to the creditor to apply the payment is not an unbending rule, and it is not allowed, unless free from injustice to the debtor, and the application will be made in a way most beneficial to him. (*Bacon* v. *Brown,* 1 Bibb, 334; *Dorsey* v. *Ganaway,* 2 Har. & J. 402; *Emery* v. *Tichout,* 13 Vt. 15; *Johnson* v. *Boone,* 2 Harring, 172; *Arnold* v. *Johnson,* 1 Scam. 196; *M. Co. Bank* v. *Brown,* 12 N. H. 320; *Poindexter* v. *Laroche,* 7 S. & M. 699; *Ayer* v. *Hawkins,* 19 Vt. 26; *Peachman* v. *McKinney,* 12 S. & M. 631; *McTavish* v. *Carroll,* 1 Md. Ch. Dec. 160; Burge on Suretyship, 130.)

*Robert C.* and *Daniel Rogers,* for Respondent.

1. The application by the debtor of the money he pays, when he is indebted on two distinct claims, must be declared by him at the time he makes the payment, and he cannot make the application afterwards. (Burge on Suretyship, 126; *Wilkinson* v. *Sterne,* 9 Mod. 427; *Pattison* v. *Hull,* 9 Cow. 747.)

2. If the payer does not specify at the time of payment, the particular claim, the receiver may, at any time, appropriate the payment to the discharge of either of the claims. (*Godard* v. *Cox,* 2 Str. 1194; *Peters* v. *Anderson,* 5 Taunt. 596; *Mills* v. *Foukes,* 5 Bing. N. C. 455; *Simpson* v. *Ingham,* 2 B. & Cres. 65; *Thilpot* v. *Jones,* 2 Ad. & Ell. 41; *Mayor of Alexandria* v. *Patten et al.* 4 Cranch, 317; *Pattison* v. *Hull,* 9 Cow. 747.)

3. The commencement of suit on a particular claim is a declaration of the creditor's application of payment. (*Peters* v. *Anderson,* 5 Taunt. 596.)

4. When a debt is secured by a mortgage or pledge of personal

property, the law will appropriate the payment to it, rather than a simple account. (*Dows* v. *Morewood*, 10 Barb. 184, recognizing the same principle decided in 9 Cow. *supra*.)

FIELD, C. J. delivered the opinion of the Court—COPE, J. and BALDWIN, J. concurring.

In 1857, the defendants executed to the plaintiff their two promissory notes—one bearing date in July, for five thousand two hundred dollars, payable in six months, and drawing interest at two per cent. a month; and the other bearing date in September, for two thousand five hundred dollars, payable in thirty days, and drawing interest at two and a half per cent. a month. In 1858, several sums were paid on account of the notes, without any designation by the defendants of the particular note upon which the payments were to be applied; and the question for decision is one of appropriation. The aggregate of the several payments exceeded the first and larger of the two notes by about a thousand dollars. The action is brought upon the second note, and if the payments are to be applied to this note in the first instance, it is satisfied, and the plaintiff must fail of recovery.

There was an attempt made to prove an appropriation of the several sums received by the plaintiff to the first note, by entries of credits against it in his books, but the testimony offered as to these entries, the books not being produced, was excluded. The witness, it is true, testified with sufficient positiveness as to the specific appropriation, but as his knowledge on the subject was derived only from inspection of the entries, his statements can be regarded merely as matters of opinion and inference. It is unnecessary, however, to consider the testimony, whatever its character. There was no direction as to the application of the payments by the defendants at the time the several sums were paid, or previously. Their right to control the same was gone with the ownership of the moneys, and could not be subsequently asserted. The right subsequently belonged to the creditor, and could be exercised by him at any time previous to the institution of the suit. There is authority even for the position that it will be sufficient if the appropriation be declared at the trial, but it is unnecessary in the present case, to carry the authority of the creditor to that extent. Here, the election of the

plaintiff was made before suit, as the suit itself, brought upon the second note alone, sufficiently establishes.    The case of *Dent et al.* v. *The State Bank*, (12 Ala. 275,) cited by the Appellants, is unsupported by authority, and is characterized by Hare & Wallace, in their learned note on the application of payments, (Amer. Lead. Cases, 296,) as resting on no foundation of principle, and wholly erroneous.   " The creditor " they observe, "there, had undoubtedly made an application by bringing suit."   The general doctrine that the right of appropriation rests with the creditor, until suit brought, the debtor having neglected to exercise his right at, or previous to, the payment, is clearly established by the weight of authority in England and in this country.   (See *Wilkinson* v. *Steme*, 9 Mod. 427 ; *Bosanquet* v. *Wray*, 6 Taunt. 597 ; *Clayton's Case*, 1 Merivale, 606; Simson v. *Ingham*, 2 Barn. & Cres. 65 ; *Thilpot* v. *Jones*, 2 Adol. & Ell. 41 ; *Mills* v. *Fowks*, 5 Bingham, N. C. 455 ; *Mayor, etc. of Alexandria* v. *Patten et al.* 4 Cranch, 317 ; *Heilbron* v. *Bissell et al.* 1 Baily's Eq. 430 ; *Moss* v. *Adams*, 4 Iredell's Eq. 42 ; *Jones* v. *United States*, 7 How. 690.)

There are expressions in some of the adjudged cases, to the effect that the creditor's right of appropriation must be exercised within a *reasonable* period.    Hare & Wallace refer to them in their note.   " There are a few dicta," these writers observe, "requiring that the application be made within a *reasonable* time. (Dicta of Best, J. in *Simson* v. *Ingham*, 2 Barn. & Cres. 65, 75 ; repeated in *Harker et al.* v. *Conrad et al.* 12 Serg. & Rawle, 301, 305 ; in *Briggs* v. *Williams et als.* 2 Vt. 283, 286 ; and in *Fairchild* v. *Holly*, 10 Conn. 176, 184.)   But the true principle appears to be that established in *Mayor, etc. of Alexandria* v. *Patten et als.* that if the creditor has once made the appropriation, whether by verbal declaration, or rendering an account, or by conduct inducing a reliance on a particular appropriation, or bringing suit in a way which declares the application, he cannot afterward change it ; and this is the point in *Hill et al.* v. *Southerland's Executors*, 1 Wash. 128, 133 ; in *White* v. *Trumbull*, 3 Greenl. 314, 318 ; and in *Hilton* v. *Burley*, 2 N. H. 193, 196 ; see, also, *Hopkins* v. *Conrad and Lancaster*, 2 Rawle, 316, 325 ; *Martin* v. *Draher*, 5 Watts, 544, 545 ; *Bank of North America* v. *Meredith*, 2 Wash. C. C. 47 ; *Allen* v. *Calver*, 3 Denio, 285, 291 ; but subject to this, he may make the application *at any time*.   There is a *dictum* of

Story, J. in *United States* v. *Kirkpatrick*, 9 Wheat. 720, 737; repeated in *Robinson & Wiggin* v. *Doolittle et al.* 12 Vt. 246, 249; and in *Fairchild* v. *Holly*, 10 Conn. 176, 184, that the application cannot be made by the creditor after controversy has arisen. If by this is meant that after the creditor has declared his application, and a controversy involving that point has arisen, he cannot change his ground, it is no doubt true, but its correctness in any other sense cannot be admitted."

Judgment affirmed.