*200 OPINION of the Court, by
Judge Bibb.
— Hughes had obtained from Ballinger a mortgage, bearing date on the 22d June 1795, on certain real property, for securing the payment of £. 1057 14?. 8d. 1-2, recited to be due by bond of the same date : Worley had become the assignee of a lien on the same property, created by Ballinger in the year 1802. In September 1803, Hughes exhibited his bill against Ballinger, to foreclose the equity of redemption, &c. claiming a balance as due on the mortgage of £. 650 Os. Id. to which bill Ballin-ger’s answer, confessing the statements, was immediately put in, and upon the bill and answer a decree was pronounced, &c. Worley exhibited his bill to stay proceedings on that decree, and to have an account taken of the sum actually due upon the mortgage to Hughes ; praying that his lien might be preferred, &c. and for general relief; an injunction was granted against proceeding on the decree of foreclosure aforesaid, until the farther order of the court ; and upon a hearing of the cause, the court was of opinion that Hughes’s demand, except as to £. 17, ought to be postponed to Wor-ley’s, decreed in favor of Worley against Ballinger the sum of 1584 dollars, as due and chargeable on the mortgaged premises ; gave to Hughes the election to pay off Worley’s incumbrance and then to proceed upon the decree in his favor, charging the said sum, if paid by-Hughes to Worley, as an additional advance on the mortgaged premises and to be satisfied, and to that end giving day- of payment ; or in case of his failure to pay the said sum to Worley, then that he, Worley, should pay to Hughes the sum of £. 17 and interest by a given day, and in that case that Hughes should be perpetually enjoined, &c.
From this decree the defendants appealed.
The answer of Hughes states, that Ballinger was largely indebted “ for sundry7 merchandise, &c.” and to secure the payment thereof, executed the mortgage in *201 the bill mentioned ; that “ after the execution of said mortgage, and upon the faith and credit of the same, he did advance to said Ballinger some other merchandise, £s?c. that on settlement of the account between them, Ballinger fell in debt the sum for which the decree was rendered, which sum is justly due ; he exhibits the account containing the charges of principal, and various sums for interest on the bond recited in the mortgage, and also various charges of other advances, and various credits ; but the bond itself is not exhibited, nor any evidence of the advances subsequently made.
Injunction ftayisg prior mortgagee from proceeding on decree to foreclose against mortgagor for a sum confessed, until younger mortgage is satisfied.
The bill charges that the sum secured by mortgage was paid, or nearly so ; to avoid this, the answer alleges other advances made. As to these the answer alleges matter which must be preved ; the confession of the co-defendant, by his answer in this suit, or in that made to Hughes’s bill of foreclosure, cannot be evidence against another incumbrancer who seeks to have an account of what is justly due on the mortgage ; it can only be conclusive as between Hughes and Ballinger. But whatever may be the right of Hughes to recover of Ballinger the money thus advanced subsequently ; as against another incumbrancer, these subsequent advances must be postponed. Subsequent'advances upon simple contractor bond only, cannot be tacked to the prior mortgage, so as to create a liento the prejudice of apuisne incumbrancer. So far therefore as was attempted by the bill, and answer confessing the bill, to give Hughes a lien for his advances made to Ballinger, not comprised in the bond recited in the mortgage, and thereby to give Hughes a preference to Worley, the attempt, to say the least, was illegal.
The depositions prove that Hughes to various persons confirmed the statement which had been made to Ballinger, that only a small sum was due on the mortgage. As early as 1797, Ballinger stated that about seventeen pounds only were due on the mortgage, and Hughes acknowledged the statement to be correct; the depositions prove large payments to Hughes by Ballin-ger subsequent to that time, and the statement exhibited by Hughes also shews it. When these circumstances are weighed, and combined with the failure of Hughes to exhibit the bond referred to by the mortgage, upon payment of which, the mortgage was, by the terms there- *202 0f5 to be <£ utterly null and void,” no doubt is entertained, but that the principles assumed in the decree of thecir-cuit court respecting the preference to be given to the lien of Worley, were correct. The court, as stated in the decree, might have rightfully postponed Hughes’s demand in toto, to that of Worley. But that decree is erroneous in the adjustment of the amount due to Wor-ley : and that error is to the prejudice of Hughes, who ought to have been permitted to proceed upon the decree in his favor, provided he would previously pay off the sum justly due to Worley; or in case he did not choose to do so, yet should have been permitted to have the benefit of his decree, after Worley’s lien had been satisfied out of the proceeds of the sale of the mortgaged premises.
The manner in which the account between Worley and Ballinger shall be adjusted, has been directed by ibis court in the case of the appeal* prayed by Ballin-ger against Worley, from a decree rendered by the said circuit court in another bill brought by Worley against Ballinger and others, respecting the same matters. These causes were heard together by consent, and such is their affinity in allegation, defence, exhibits and evidence, that it would only be travelling over the same grounds, should the court add to this opinion farther-observations on the extent of Worley’s demand against Ballinger.
It is therefore decreed, and ordered, that the said decree of the circuit court of Lincoln, be reversed and it is hereby set aside and annulled ; the cause is remanded to the said court, with directions to retain the cause, and continue the injunction until the account is settled between said complainant Worley, and the defendant Ballinger, according to the principles contained in the opinion and decree of this court in the said other suit referred to and for the balance found in favor of the complainant, if any, that the said Hughes’s demand be postponed in toto to the lien of the complainant ; and that a decree be pronounced accordingly ; giving to said Hughes liberty to pay the balance due to said Worley if he shall choose so to do, and upon such payment being made within a reasonable time to be assigned, that then the injunction be dissolved at the costs of the said defendants; otherwise that the injunction in this cause *203 be continued until the said balance due to said Worley shall be fully satisfied, with costs of suit; and then to be dissolved under such regulations and restrictions as the equity of the case shall require ; and finally, that the said court make such farther orders and decrees herein, as may be necessary to do justice between the parties, according to the foregoing opinion.aad decree.