## Schiffer & Nephews *v*. Feagin.

*Bill in Equity by Junior Mortgagee for Redemption and Account.*

1. *Factor's lien.* — A factor has a lien on the goods in his possession, not only for his advances, commissions, and expenses, but also for any general balance due him ; but he cannot assert this lien in opposition to the terms of a special contract, under which he received the goods.

2. *Application of proceeds of sale of mortgaged property.* — When a mortgage is given by a debtor as a security for an existing debt, not contemplating or providing for future debts or advances, the mortgagee must apply the proceeds of sale of the mortgaged property to the payment of the secured debt, to the exclusion of any debts subsequently contracted.

3. *Tacking subsequent debts to mortgage.* — Debts contracted by the mortgagor after the execution of the mortgage, or advances subsequently made to him by the mortgagee, cannot be tacked to the mortgage debt in equity, to the prejudice of a junior mortgagee.

[Schiffer v. Feagin.]

4. *Expenses of mortgaged property.* — Under a mortgage of a growing crop of cotton, containing a stipulation that the cotton should be delivered to the mortgagees in the city of New York, for sale by them, and that, after paying the mortgage debt, they should pay the surplus to the mortgagor, "*less the expenses of said cotton,*" the mortgagees may retain, as part of the expenses, the cost of bagging and rope furnished by them to the mortgagee for baling the cotton.

5. *Commissions for advances.* — A charge of two and a half per cent. for advances by a factor or commission merchant, when not used as a device for usury, is legal, and is regarded as a just compensation for the risk, trouble, and expense incurred.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed by James M. Feagin, against the appellants, a mercantile firm doing business in the city of New York; and sought to enjoin the defendants from selling a certain tract of land, under a power of sale contained in a mortgage executed to them by Robert H. Haynes, and for a redemption and account of the mortgage debt. The defendants' mortgage was dated the 20th August, 1866; conveyed, in addition to the land, two hundred bales of the mortgagor's growing crop of cotton; and was given to secure the payment of $10,000, advanced by said defendants to said Haynes. The mortgage contained a stipulation in these words : " In consideration of said advance of money ($10,000), I hereby bargain, sell, and convey unto the said Schiffer & Nephews two hundred bales of my present growing crop, to be of middling quality, and weighing five hundred pounds each ; which I bind myself to deliver to them, in the city of New York, on or before the 15th day of December next ; which they are to sell for me, and pay themselves the said sum of $10,000, with interest thereon, and two and a half per cent. commissions for advancing. The money said cotton may bring said firm is to hold subject to my order, less the expenses on said cotton ; and in case of failure on my part to carry out the requirements of this conveyance, said Schiffer & Nephews, their agent, or attorney, are hereby authorized and empowered to seize said cotton wherever found, and sell the same as herein provided."

Under this mortgage, one hundred and six bales of cotton were shipped by said Haynes to said Schiffer & Nephews, and were sold by them, at various dates, between January and May, 1867, the net proceeds of sale amounting to $13,514. On the 10th April, 1867, said Haynes executed another mortgage on the land to the complainant, to secure a debt of $6,000, due the 1st January, 1868; and the debt not being paid at maturity, he surrendered the possession to the complainant, and executed a written relinquishment of his interest in the land; and the complainant was in possession when the bill was filed. The bill alleged, that the balance due to the defendants under their mortgage, on the 14th May, 1868, did not exceed $500 ; and that the complainant tendered to them, on

[Schiffer v. Feagin.]

that day, in satisfaction of their mortgage, the sum of $700.
The defendants insisted, in their answer, that the amount due
to them from said Haynes, on the day of the alleged tender,
was $2,888.49 ; and they appended to their answer a state-
ment of their account, showing that balance.   In this account
as stated were the following items for cash advanced : July 24,
1866, $10,000 ; August 20, 1866, $1,017 ; December 31, 1866,
$159.50 ;  February  4,  1867,  $168.71 ;  and  March  8,  1867,
$150.   There were also two other items, as follows : " October
15, 1866, bagging and rope, $757.40 ; "  " March 8, 1867, mer-
chandise, *per* bill rendered, $313.56."   On the statement of
the account by the register, under an order of reference by the
chancellor, he refused to allow the defendants a credit for any
of these items, except that for $10,000 ; and his rulings to this
effect, to which exceptions were reserved by the defendants,
were affirmed by the chancellor.   The chancellor's decree, over-
ruling the defendants' exceptions to the register's report, is now
assigned as error.

J. L. PUGH, with BUFORD & DENT, for appellants.

D. M. SEALS, with F. M. WOOD, *contra.*

BRICKELL, J. — The law gives a factor a lien on goods in
his possession, for his advances, expenses, commissions, and for
any balance due him on general account.   But, if the goods
come to his possession under a special contract, the lien cannot
be asserted in opposition to the terms and conditions of such
contract.   Thus, if a broker or factor receives goods to sell,
and to apply the proceeds in a particular manner, or to the pay-
ment of a particular debt, a lien for a general balance due him
cannot be set up, to defeat the specific appropriation of the
proceeds of sale made by the contract under which the goods
were received.   Addison on Contracts, 1179 ; *Walker* v. *Birch*,
6 T. R. 258.

2. When a debtor makes a mortgage or assignment as a
security for an existing debt, the assignment or mortgage
not contemplating and providing for future debts or advance-
ments, the debtor in the making, and the creditor in accepting
such mortgage or assignment, can have but one object in view,
— the security of the existing debt ; and the moneys realized
from such mortgage or assignment must be applied to the pay-
ment of that debt, to the exclusion of all others.   *Donally* v.
*Wilson*, 5. Leigh, 329 ; *Hicks* v. *Bingham*, 11 Mass. 300 ; 1
Amer. Lead. Cases, 287 ; *Donald & Co.* v. *Hewitt*, 33 Ala. 534.

3. Debts created, or advances made to a mortgagor, subse-
quent to the mortgage, cannot be tacked to the mortgage debt,
VOL. III.                 22

[Schiffer v. Feagin.]

to the prejudice of third persons who have acquired a junior lien on the mortgaged property. *Hughes* v. *Worley*, 1 Bibb, 200 ; *Lee* v. *Stone*, 5 Gill & Johnson, 1 ; *Cowden's Estate*, 1 Barr, 267 ; *Harker* v. *Conrad*, 12 Serg. & Rawle, 301 ; *Bank of Utica* v. *Finch*, 3 Barb. Ch. 293 ; *Siter, Price & Co.* v. *McClanahan*, 2 Gratt. 280.

An application of these principles to the facts of this case is decisive of the most material questions involved. The appellants were factors, doing business in the city of New York. Haynes, a cotton planter in this State, obtained from them large advances on his growing crop, which he promised to consign to them for sale. As a security for the payment of such advances, he executed a mortgage, with a power of sale, on his growing crop, and on real estate. Subsequently, he obtained further advances, and contracted other debts with the appellants. The cotton was gathered, and a large part of it shipped to the appellants, and was by them sold. Haynes then mortgaged the real estate to the appellee, and afterwards released to him his equity of redemption. The appellee filed this bill, to be let in to redeem on the payment of whatever balance of the mortgage debt was unpaid from the sales of the cotton shipped to appellants. The appellants claimed the right to apply the proceeds of sales to the payment of the subsequent debts and advances, as well as to the mortgage debt. This right, they assert, arises from the lien given them as factors, by the law. Under the principle we have laid down, they are not entitled to such right. The lien given by law yields to the lien created by the mortgage.

In the case cited, Lord Kenyon, in discussing this question, said : " There is no doubt, and indeed the point has been so long settled that it ought not now to be brought into dispute, but that in general a factor has a lien for his general balance on the property of his principal coming into his hands. But the question here arises on the application of that proposition to the present case. It is a maxim, as old as our law, *Conventio vincit legem*. The parties may, if they please, introduce into their contract an article to prevent the application of a general rule of law to it." The mortgage creates a lien for a particular debt, and devotes the property conveyed to the payment of that debt. There is no room for the operation of the lien which the law would, in the absence of the mortgage, have implied in favor of the appellants. Their rights must be resolved by their contract. There was no error in not allowing them the lien asserted by them as factors.

There are many authorities, which would, as against the mortgagor coming in to redeem, authorize the appellants to demand payment of such advances and debts, before submitting

[Schiffer v. Feagin.]

to a redemption. The reason assigned is, that thereby a circuity of action is avoided, and that a court of equity requires him who seeks its aid to do equity. The authorities are not uniform, and on the question we express no opinion. 1 White & Tudor's Lead. Eq. Cases, 602. The rule seems not to have been applied when the mortgagee sought a foreclosure; for then he was limited to the debt specified in the mortgage, and the reason of the rule ceased. All the authorities concur, that, as against a junior mortgagee, subsequent debts and advances cannot be tacked. In no point of view, did the court of chancery err in disallowing these debts and advances, in ascertaining the amount the appellee should pay as a condition of redemption.

4. The court erred, however, in not allowing the appellants to retain for the bagging and rope furnished to bale the cotton. The mortgage was made on a growing crop, which was to be shipped to the appellants for sale. The mortgage stipulates for the payment to the mortgagor of any surplus of the proceeds of the sales of the cotton, " less the expenses on said cotton," remaining after the payment of the mortgage debt, and commissions for advancing it. The parties certainly intended that the cotton should be baled, so as to be capable of transportation to New York, where it was to be sold. It is but a fair construction, that they intended by the term " expenses of said cotton," to embrace not only the freight and charges attendant upon the sale, but the costs of baling it, so that it could be transported to the place of sale.

5. The court erred, also, if the mortgage is correctly copied into the record, in not allowing the appellants two and one half per cent. commissions for the advances the mortgage secures, as is stipulated in the mortgage. Such a charge, when not a device for usury (of which there is no pretence in this case), is legal, and is regarded as just compensation for the risk, trouble, and expense, which may be incurred in making the advances. *Swilley & Riley* v. *Lyon & Baker*, 18 Ala. 552. No reason is given for departing from the express stipulation in the mortgage, and, as was done, reducing the commissions to two per cent.

For the errors we have pointed out, the decree is reversed, and the cause remanded for further procedings in conformity to this opinion.