## W. T. WATSON V. JOHN MIMS.

(Case No. 1386.)

1. USURIOUS CONTRACT — INTEREST ON INTEREST.— When the rate of interest was not limited by law, a note was given for $800, with interest at the rate of twenty per cent. per annum. A partial payment was afterwards made and a new note given for the principal and unpaid interest, amounting to $960, with interest thereon at the same rate, the law having in the meantime made a greater rate than twelve per cent. usurious. *Held,*

(1) That the second note was not a mere renewal of the previous one, but was a new and illegal contract by reason of the excessive rate of interest charged on the previously accrued interest.

APPEAL from Freestone. Tried below before the Hon. L. D. Bradley.

*Kirven & Farrar,* for appellant.

No brief for appellee.

GOULD, CHIEF JUSTICE.— The record showing no action of the court on the exceptions to the petition, it must be presumed that they were waived. The averments of ownership of the note appear to us sufficient to admit of evidence in their support, and the evidence admitted satisfactorily established such ownership.

In regard to the question of usury, it is to be observed that the note sued on is not a mere renewal of the one first given. The original note was for $800, gold, with twenty per cent. interest, and was executed in 1874, when there were no limitations on the rate of interest allowable. In 1878 a payment of $500 was made; but that left a balance of $960 still due. The new note was $960 with twenty per cent. interest, the law at that time forbidding a greater rate than twelve per cent. Whatever might have been the rate had there been a mere acknowledgment keeping alive the old debt, we are satisfied that the parties were not at liberty to make a fresh contract com-

pounding the interest at a rate which was at that time usurious. That part of the contract which binds the maker to pay twenty per cent. interest on $160 more than the amount bearing interest at that rate by the original contract, is in our opinion in violation of law, and the defense of usury having been made by defendant Watson in the mode prescribed, it follows that, as against him, judgment should only be rendered for the principal of the note sued on.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.