SELINA GILMORE *et al.*

*v.*

MARTIN C. BISSELL.

*Filed at Ottawa May 9, 1888.*

USURY—*interest upon interest, added as principal in renewal note.* A promissory note was given, with interest payable annually. After several years, no interest having been paid, in ascertaining the amount due, for which a renewal note was to be given, the holder charged on the interest due, from the time it became due to the date of renewal, interest at six per cent per annum. This was added to the interest due and to the principal, the aggregate so ascertained being the principal in the renewal note: *Held,* not usurious.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. E. MEERS, for the appellants:

To give a greater rate of interest than is allowed by statute, on a pre-existing debt for an extension, is within the statute. *Shirley* v. *Welty,* 19 Ill. 623.

Interest past due and unpaid can not be added to the principal, and draw interest. *McFadden* v. *Fortier,* 20 Ill. 509.

The fact that new notes, from time to time, have been given, does not change the case. *Saylor* v. *Daniels,* 37 Ill. 331; *House* v. *Davis,* 60 id. 367; *Jenkins* v. *International Bank,* 97 id. 568.

If a usurious contract is made, express or implied, to take or reserve more than lawful interest, it falls within the statute. *Peddicord* v. *Connard,* 85 Ill. 102.

It is the duty of the court to protect the weak and necessitous against the oppression of the strong, in compelling them to pay usurious and compound interest. *Payne* v. *Newcomb,* 100 Ill. 611.

When it is provided the interest is payable annually, which is not paid when due, it may, by agreement, after due and unpaid, be added to the principal, and draw interest. *Thayer* v. *Mining Co.* 105 Ill. 540.

To constitute usury from taking interest upon interest, it is not necessary to prove that there was an agreement made in advance for the payment of such interest. To give a sum in excess of the legal interest for an extension, the contract will be usurious. *Leonard* v. *Patton,* 106 Ill. 99.

It is usury to take interest on interest, which exceeds the amount of interest fixed by the statute as the maximum. *First Nat. Bank* v. *Davis,* 108 Ill. 633; *Farwell* v. *Meyer,* 35 id. 40; Rev. Stat. chap. 74, sec. 11.

Interest is payable on interest only on express contract, made after the interest has become due and payable. *Leonard* v. *Villars,* 23 Ill. 377; *Barker* v. *International Bank,* 80 id. 96; *Edgerton* v. *Weaver,* 105 id. 45.

When a note is drawn for one or more years, which includes usury, no interest will be allowed, even when due, or in case of a new note given. *Bressler* v. *Harris,* 19 Bradw. 430.

Mr. GEO. S. HOUSE, for the appellee:

The case of *Haworth* v. *Huling,* 87 Ill. 23, is decisive of the question involved here.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill to foreclose a mortgage. The only defense relied upon was usury. On the hearing in the circuit court the defense was not sustained, and on appeal the decree was affirmed in the Appellate Court.

It appears from the evidence, that Selina Gilmore, and her husband, David Gilmore, on the 14th day of April, 1875, executed and delivered to William Finley their promissory note for $1000, with interest at ten per cent, payable annually.

This note was secured by mortgage on the premises in controversy. On the 28th day of August, 1878, no interest having been paid on the note, Finley required the parties to pay the debt or renew the note. They concluded to renew. In computing the amount due, the agent of Finley charged on the interest due, from the time it became due to the date of renewal, interest at six per cent per annum. This was added to the interest due and the principal, which all amounted to the sum of $1350, for which a new note and mortgage were given. The interest on the interest included in the mortgage amounted to $12.50, as is claimed by the defendants. The addition of this amount to the debt, and the agreement to pay it, it is insisted, rendered the transaction usurious. We do not concur in this view. The mortgagors had agreed to pay the interest on the mortgage debt annually, and it was their duty to observe that agreement; but they had failed to pay, as the interest each year became due. When the time, however, came to renew the debt, the mortgagors had the right, if they saw proper, to redeem their agreement and pay interest on the interest; and their agreement to pay that interest was not illegal, nor did it render the transaction usurious. What was done was but the performance of a contract made by the parties, which they had the right to do. If authority was needed to sustain the view of the circuit and Appellate courts, *Haworth* v. *Huling*, 87 Ill. 23, is conclusive of the question made.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*