# Witherington & Co. v. Mason.

*Bill in Equity for Reformation and Foreclosure of Mortgage.*

1. *Reformation of mortgage of homestead.*—A mortgage of the homestead, executed and acknowledged by husband and wife in conformity with statutory requirements (Code, 1876, § 2822), may be reformed in equity on proof of a mistake in one of the sub-divisions of the land, if the quantity of land conveyed is not thereby increased.

2. *Mortgage of homestead, with other property; application of proceeds of sale.*—When a mortgage is given to secure an existing debt, not providing for future advances, the mortgagor may insist that the entire proceeds of sale shall be applied to the payment of the mortgage debt, unless otherwise applied with his consent; but neither he, nor any one

claiming under him, can require the mortgagee to sell and apply one part of the property conveyed, to the exclusion or relief of the others; and where the mortgage conveys the homestead, with the crop and other personal property, the wife of the mortgagor can not be heard to insist that the personal property shall be first sold and applied to the mortgage debt, in relief of the homestead, when the husband has received additional advances on the faith of his agreement that the personal property should be first applied to their re-payment.

APPEAL from the Chancery Court of Conecuh.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 17th January, 1887, by the appellants, suing as partners, against Robert J. Mason and his wife, Mrs. Mary H. Mason; and sought the reformation and foreclosure of a mortgage, which said Mason and wife had executed to them. The mortgage was dated January 5th, 1886, and purported to be given to secure a note for $175, given for advances to make a crop; conveyed a tract of land containing about one hundred acres, with the crop to be grown during the year 1886, and other personal property; and was admitted to record on acknowledgment by the grantor and his wife, in the form prescribed by the statute for an alienation of the homestead. The alleged mistake consisted in a misdescription of a forty-acre tract, part of the homestead, which was described as the *south*-east quarter (instead of the *north*-east quarter) of the southwest quarter of section twenty-seven (27), township six (6), range twelve (12). An answer to the bill was filed by Robert J. Mason, in which he admitted the mistake in the description of the land intended to be conveyed, and his refusal to correct it on request of the complainants; and he insisted that, on a fair accounting, the mortgage debt was paid. No answer was filed by Mrs. Mason, so far as the record shows, nor was any decree *pro confesso* entered against her. The matters of account having been referred to the register, he reported the balance due to the complainants to be $122.55, refusing to allow a credit claimed by the defendant for the proceeds of three bales of cotton, part of the mortgaged crop, which the complainants had received and sold. The chancellor sustained exceptions to the report in this particular, and corrected the account as stated by the register; and the balance due to the complainants, as thus ascertained, being only $3.50, he rendered a decree in their favor for that amount, and also reformed the mortgage. The complainants appeal from this decree, and here assign it as error.

[Witherington & Co. v. Mason.]

STALLWORTH & BURNETT, for appellants.

CLOPTON, J.—On January 5, 1886, appellees, who are husband and wife, executed a mortgage on real and personal property, to secure a note for one hundred and seventy-five dollars, made by the husband to appellants, payable on the first day of October of the same year. A portion of the personal property, and the real estate, which constituted the homestead of the mortgagor, was sold under a power of sale contained in the mortgage. On discovering a mistake in the description of one of the sub-divisions of the land, the sale was disregarded; and the bill is filled by appellants to reform the mortgage, and for a foreclosure. The mortgage was executed and acknowledged in conformity with the statutory requirements to constitute a valid alienation of the homestead. The mistake is admitted in the answer, and also proved. In such case, though the sub-division, in the description of which the mistake occurs, is a part of the homestead, a court of equity will interpose to reform the mortgage, if it is executed by the husband and wife in conformity with the statute, and the reformation does not increase the quantity of land conveyed.—*Gardner v. Moore*, 75 Ala. 394. Having reformed the mortgage, the court will proceed to a foreclosure.

The proceeds of the personal property, sold under the power, should unquestionably be applied to the mortgage debt. The material question arises on the application of the proceeds of three bales of cotton which were delivered by the mortgagor to the mortgagees, and sold by them in the fall of 1886. In stating the account on the reference ordered, the register applied the proceeds of the cotton to an open account for advances, which was not covered by the mortgage. The chancellor corrected the report of the register, and applied the proceeds in reduction of the mortgage debt. The mortgage included the entire crops made by the mortgagor during 1886. The application by the register was evidently based on his finding, as matter of fact, that in May of that year an arrangement was made by which the mortgagees agreed to make further advances to the mortgagor; and he agreed, in consideration thereof, that such advances should be paid for out of the first cotton delivered. The preponderance of the evidence sustains the conclusion of the register. The chancellor did not pass on this finding, regarding it, in his view of the case, as immaterial. The question presented

for consideration is, can a mortgagor, who is a married man, when the mortgage conveys the homestead and personal property, agree, without the consent of his wife, to apply the personal property to any debt other than the mortgage debt?

The general rule may be conceded, that when a mortgage is made by a debtor as security for an existing debt, and it does not contemplate or provide for future advances, moneys realized from the mortgaged property must be applied to the payment of the debt secured thereby. They may, however, be otherwise applied by agreement of the mortgagor, no rights of third persons intervening.—*Schiffer v. Feagin*, 51 Ala. 335; *Levystein & Simon v. Whitman*, 59 Ala. 345. On the assumption that an agreement was made as found by the register, the question is, has Mrs. Mason, the wife of the mortgagor, any legal right in the homestead, which will be prejudiced by the appropriation of the cotton to the payment of the future advances; or any equity superior to the equity of the mortgagees to have such appropriation made? Where a mortgage conveys different parcels of the same kind, or different classes of property, the mortgagee may, in the absence of a stipulation to the contrary, elect for his own benefit the particular property to which he will resort in the first instance. In the absence of some peculiar equity, growing out of other circumstances, the mortgagor, or any person claiming under him, can not compel the mortgagee to exhaust any one of the different parcels or classes of property conveyed by the mortgage, to the exclusion of the other.

By the voluntary signature and assent of the wife to a mortgage of the homestead, the waiver of the right of exemption is in favor of the mortgagee, and all the right and title of the husband to the homestead passes to him, equally with other property not exempted and included therein. Though a judgment creditor cannot compel a mortgagee, whose mortgage includes the homestead and other property of the debtor, to exhaust the homestead before resorting to such other property, and thus deprive the debtor of his homestead exemption as against the judgment; the mortgagee may, by his own volition, and for his own benefit, resort, in the first instance, to the homestead; and the mortgagor himself can not compel the mortgagee to exhaust the other property before resorting to the homestead. The mortgagee may release the other property, and retain his lien on the homestead. In *Chapman v. Lester*, 12 Kan. 592, the mortgage conveyed the homestead and other realty.

[Witherington & Co. v. Mason.]

The mortgagee released a large portion of the last to an as-
signee in bankruptcy, and then filed a bill to foreclose the
mortgage. It was claimed, in defense of the suit, that the
mortgage was satisfied and discharged, on the ground that
it was the mortgagee's duty to exhaust the other property
before proceeding against the homestead. Brewer, J. says:
"We can not assent to the claim as thus broadly stated. It
means that when a creditor takes a mortgage on the home-
stead and other property, though nothing is expressed, there
is an implied agreement to consider the homestead as a sort
of secondary security, a security for security; that the other
property mortgaged is the primary security, and that if that
proves insufficient, and only when that proves insufficient,
can the lien on the homestead be enforced. But, in the ab-
sence of legislation, and of express contract, we do not think
the courts are warranted in interpolating such a stipulation.
The creditor takes such security for his debt, and with such
contract as the parties may agree upon. As between the
parties, and without other intervening rights, and in the
absence of express stipulation, the mortgagee may release
any portion of the mortgaged property, without impairing
his lien upon the remainder."

The homestead right is of constitutional or statutory cre-
ation, and its nature, character and extent depend on the
law creating and defining it. The exemption is a personal
right conferred on the debtor, the benefit and enjoyment of
which enures to his family, through and by the exemption
in his favor. The right and estate of homestead are in the
husband, in whom the title to the property resides. Nei-
ther the constitution nor the statute confers on the wife any
right or estate in the homestead during his life, but a mere
power to prevent its alienation. She may occupy and enjoy
it with her husband by his permission, but he has the right
to abandon it at pleasure. When she voluntarily signs and
assents to a mortgage of the homestead by the husband, in
the manner required by the statute, it loses its character of
homestead as against the mortgagee, and becomes subject
to all his rights and remedies. The homestead is not sec-
ondarily liable.—*Vancleave v. Wilson*, 73 Ala. 387; *Sea-
man v. Nolen*, 68 Ala. 463.

Creditors, or incumbrancers, or sureties may invoke the
power of a court of equity, to compel a mortgagee to exhaust
one of several pieces of property. By signing and assent-
ing to a mortgage of the homestead, the wife does not

[Armstrong v. Connor.]

pledge her property for the payment of the secured debt, nor does she occupy the position of a surety. In this respect, this case is distinguishable from *Askew v. Steiner*, 76 Ala. 218, where we held that a mortgagee can not appropriate, with the consent of one only of two joint mortgagors, the property or the proceeds to the payment of another debt; and that such appropriation operates a satisfaction *pro tanto* so far as the rights of the other mortgagor are concerned. In that case, both mortgagors were bound for the mortgage debt. As the husband, to whom the homestead belonged, and in whose favor the exemption is created, has no right to compel the mortgagee to exhaust property other than the homestead, before resorting to the latter; *a fortiori*, the wife, who derives the benefit of the homestead exemption only through the right of her husband, has no such right. She may have signed and assented to the mortgage because of her belief that the other property conveyed would be sufficient to satisfy the mortgage, and in the confidence that the mortgagee would exhaust it, and leave the homestead intact. But, without such stipulation in the mortgage, the mortgagee is under no enforceable obligation to do so. He may, by agreement of the husband, appropriate the other mortgage property to the payment of unsecured debts, which the wife is without power to prevent.—*Brown v. Coyard*, 68 Ill. 178; *Seale v. Chapman*, 121 Mass. 19; *White v. Poley*, 20 Wis. 530; 2 Jones Mort. § 632. The proceeds of the cotton delivered to, and sold by complainants, should, under the agreement, be applied to the payment of the future advances.

As the decree must be reversed, and the cause remanded, it is proper to call attention to the fact, that Mrs. Mason did not answer the bill, nor was a decree *pro confesso* taken against her.

Reversed and remanded.