STEPHEN H. BOWMAN, ADMINISTRATOR,

v.

JOHN NEELY.

*Interest—Compound Interest Not Usurious—When Recoverable.*

Compound interest is not usurious; upon the contrary it may be lawfully contracted for and recovered if the agreement to pay it is expressed in an instrument having the qualities of negotiable paper, separate from the instrument evidencing the principal debt, or it may be lawfully contracted for and recovered if the agreement for its payment is made after the interest which is to bear interest has accrued. In other cases interest upon interest can not be collected, with or without a contract.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Jersey County; the Hon G. W. HERDMAN, Judge, presiding.

Messrs. CHAPMAN & SLATEN, for appellant.

Mr. JOSEPH S. CARR, for appellee.

MR. JUSTICE BOGGS. The only question arising upon this

record is, whether a stipulation in a promissory note providing that interest at a legal rate upon the principal sum shall fall due and be paid annually, and if not so paid shall become principal and bear interest at the same rate is a usurious contract. In the view of the counsel for the appellant such a contract is usurious and so taints the whole transaction with usury that neither simple nor compound interest can be recovered upon a note containing such an agreement.

The compound interest thus provided for can not be collected by law in this State. The rule forbidding its recovery is not, however, based upon nor does it arise out of our statute prohibiting usury, but it exists independent of and wholly without relation to such statute. "The rule of law against the allowance of compound interest is that courts will not lend their aid to enforce its payment unless upon a promise made by the debtor after the interest upon which the interest is demanded has accrued, and this rule is adopted, not because such contracts are usurious or savor of usury, unless very remotely, but upon grounds of public policy and in order to avoid harsh and oppressive accumulations of interest." Parsons on Contracts, 3d Vol. 152–153. While the reason thus given for the rule has been adopted in our State, yet the rule itself has been in some respects modified, and the law in Illinois concerning the recovery of compound interest may be succinctly stated as follows:

Compound interest is not usurious; upon the contrary it may be lawfully contracted for and recovered if the agreement to pay it is expressed in an instrument having the qualities of negotiable paper separate from the instrument evidencing the principal debt, such as interest-bearing coupons attached to bonds for the payment of money (Harper v. Ely, 70 Ill. 581, Humphreys v. Morton, 100 Ill. 592), or it may be lawfully contracted for and recovered if the agreement for its payment is made after the interest which is to bear interest has accrued. Thayer v. Mining Co.; 105 Ill. 553; Gilmore v. Bissell, 124 Ill. 488. With these exceptions the rule is that upon grounds of public policy interest upon interest can not be collected or computed with or without a

contract.   Leonard v. Villars, 23 Ill. 377; Bank  v. Davis, 108 Ill. 633;  Peddicord v. Connard, 85 Ill. 102.   We are aware that the syllabus prepared for the case of  Drury v. Wolfe, as reported in  25 North Eastern Reporter, page  626, announces a ruling of our Supreme Court directly at variance with the conclusion we have reached upon this question. The syllabus is, however, not supported by the text of the opinion, nor is anything said in the opinion with which all that is here said is not in full accord.

In the case at bar simple interest was awarded by the court below, which, as we have seen, the appellee was lawfully entitled to recover.

The judgment must be affirmed.

*Judgment affirmed.*