[No. 5901.  Decided March 2, 1906.]

## J. W. BLAKE, *Respondent,* v. B. H. YOUNT *et al., Appellants.*[1]

USURY—COMPOUNDING INTEREST.  A promissory note, payable in one year, drawing interest at 10 per cent per annum, and providing that if not paid when due the interest should be added to the principal and the whole sum to draw interest thereafter at 12 per cent per annum, does not violate Bal. Code, § 3669, providing that no greater sum than 12 per cent shall be taken; since simple compounding of interest is not usurious, and since, where the debtor can avoid the payment of a larger sum by the payment of a smaller sum at an earlier date, a larger sum is a mere penalty and not usury, where no subterfuge is employed compelling the payment of a larger sum of interest not allowed by statute.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered July 13, 1905, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action upon a promissory note.  Affirmed.

*Routhe & Maxwell, H. J. Hibschman,* and *H. N. Martin,* for appellants, contended, among other things, that the note was usurious.  *Miller v. Life Ins. Co.,* 118 N. C. 612, 24 S. E. 484, 54 Am. St. 741; *Brown v. Crow* (Tex. Civ. App.), 29 S. W. 653; *Watson v. Mims,* 56 Tex. 451; *Mitchell v. Napier,* 22 Tex. 121; *Thomas v. Murray,* 34 Barb. 157, 171; *Browne v. Verdenburgh,* 43 N. Y. 195; *Buttrick v. Harris,* 1 Bissel 442; *Missouri Val. Ing. Co. v. Kittle,* 2 Fed. 116; *Bang v. Phelps & Bigelow Windmill Co.,* 96 Tenn. 361, 34 S. W. 516; *Parks v. Lubbock,* 92 Tex. 635, 51 S. W. 322; *Drury v. Wolfe,* 134 Ill. 294, 25 N. E. 626; *Lee v. Melby,* 93 Minn. 4, 100 N. W. 379.

*J. T. Mulligan* and *H. A. P. Myers,* for respondent.

DUNBAR, J.—This was an action on a promissory note, secured by a real estate mortgage.  The defense is, (1) that

[1]Reported in 84 Pac. 625.

the note was usurious; (2) that the court erred in not finding sufficient payment. The essential part of the note is as follows:

"$1,000.00          Wilbur, Wash., March 25, 1899.

"For value received, one year after date, I promise to pay at Wilbur, Wash., to the order of Isaac B. Armstrong, one thousand dollars in gold coin of the United States of America of the present standard value, with interest thereon at the rate of 10 per cent per annum from date until paid. If not paid when due the interest to be added to and become a part of the principal, and the whole sum of both principal and interest to bear interest thereafter at 12 per cent per annum."

Section 3669, Bal. Code, provides:

"Any rate of interest not exceeding twelve per centum per annum agreed to in writing by the parties to the contract, shall be legal, and no person shall directly or indirectly take or receive in money, goods or thing in action, or in any other way, any greater interest, sum or value for the loan or forebearance of any money, goods or thing in action than twelve per centum per annum."

And subsequent sections provide the penalty.

We do not think that the appellants' contention that this loan was usurious can be sustained. Nor is his contention sustained by the cases cited. In the case of *Brown v. Crow* (Tex. Civ. App.), 29 S. W. 653, upon which appellants strongly rely, the note in question was as follows:

"$200.00.          Austin, Texas, September 12, 1892.

"Four months after date, for value received, I, we, or either of us promise to pay Osceola Archer, or order, in Austin City, Texas, at his law office, the sum of two hundred dollars, with interest thereon from date until paid at the rate of ten per cent per annum, interest to be paid semi-annually, and in default thereof the same shall become principal and bear the same rate of interest," etc.

Under the Texas statute, ten per cent was the maximum rate of interest allowed; and it will readily be seen that, under the conditions of the note in that case, the whole

amount of interest for a year would have been $20.50 instead of $20, which was the largest amount which the law would permit on the sum of $200, and was plainly obnoxious to the statute. But in this case the interest is not to be paid until the end of the year, and when so paid would fall short of the maximum amount, $20. It is true that, after the expiration of the year, the interest would be at the rate of twelve per cent on the $1,000 loaned, and on the accrued interest of $100, or the legal rate of interest on $1,100. But the extra $100 would belong at the maturity of the note to the lender, and not to the borrower; that amount he has legally earned, and we see no reason why he should not have the benefit of it. It is within the power of the borrower to avoid paying interest on this extra $100 by paying it to its legal and equitable owner, and if instead of paying it he appropriates it to his own use, there is no reason why he should not pay interest on it, the same as upon the original sum. It was evidently not the intention of the supreme court of Texas to hold in *Brown v. Crow, supra,* that the compounding of interest created usury, for the same court, in the case of *Geisberg v. Mutual etc. Loan Ass'n* (Tex. Civ. App.), 60 S. W. 478, in discussing this question of usury, said:

". . . it certainly cannot be held that a contract is usurious simply because under its provisions legal interest might be demanded upon overdue interest agreed to be paid in such contract. In such case the overdue interest becomes a separate interest demand from the principal of the contract, and the interest charged upon it cannot be added to or considered a part of the interest stipulated to be paid upon the principal, so as to make the contract usurious."

*Miller v. Life Ins. Co.,* 118 N. C. 612, 24 S. E. 484, 54 Am. St. 741, is a case where a life insurance company lent to a borrower a sum of money at the full legal rate of interest, payable monthly, its repayment being amply secured by mortgage on real estate, but required the borrower, in addition to and as a condition of the lease, to take from and reassign to

it an endowment policy for a sum equal to the amount of the loan upon which the premiums should be paid monthly for seven years (or until his death), the payment of the premiums being also secured by the mortgage. There it was rightly held, we think, that the transaction was usurious; that it was the intent or purpose of the lender of the money to get more than the legal rate of interest for the loan; and the court properly stated that, if there be a provision, a condition, or a contingency in, or connected with, the contract, by which he may do so, the transaction is usurious. It was also stated in that case that, if the usurious character of a transaction is not manifest upon its face, but depends on facts and circumstances connected with the transaction as a part of the *res gestae* it is a question of fact as well as of law, and should be submitted to the jury.

*Watson v. Mims,* 56 Tex. 451, was a case where a note was given for $800, with interest at the rate of twenty per cent per annum. A partial payment was afterwards made, and a new note given for the principal and unpaid interest, amounting to $960, with interest thereon at the same rate, the law having in the meantime made a greater rate than twelve per per cent usurious. It was held that the second note was not a mere renewal of the previous one, but was a new and illegal contract by reason of the excessive rate of interest charged on the previously accrued interest. It is manifest that this decision was right, but it in no way tends to establish the fact that the note under discussion in this case is usurious. And so we think with all the other cases cited by the appellants— that none of them sustain the contention.

As showing that the note is not usurious, the respondent cites, *Hager v. Blake,* 16 Neb. 12, 19 N. W. 780; *Crapo v. Hefner,* 53 Neb. 251, 73 N. W. 702; *Havemeyer v. Paul,* 45 Neb. 373, 63 N. W. 932; *Geisberg v. Mutual etc. Loan Ass'n, supra; Martin v. Land Mortgage Bank* (Tex. Civ. App.), 23 S. W. 1032; *Stewart v. Petree,* 55 N. Y. 621, 14

Am. Rep. 352; *Hale v. Hale*, 1 Cald. 233, 78 Am. Dec. 490; *Gilmore v. Bissell*, ·124 Ill. 488, 16 N. E. 925; *Bledsoe v. Nixon*, 69 N. C. 89, 12 Am. Rep. 642. These cases also support the contention that the simple compounding of interest is not usurious, and that, wherever the debtor by the terms of the contract can avoid the payment of the larger by the payment of the smaller sum at an earlier date, the contract is not usurious but additional, and the larger sum becomes a mere penalty. The rule is stated in 29 Am. & Eng. Ency. Law (2d ed.), 507, as follows:

"Stipulations to the effect that if the debt be not paid at maturity it shall draw interest thereafter at a rate greater than the statutory limit are now generally regarded as penalties to induce prompt payment, and as the debtor has it in his power to avoid paying the penalty by discharging the debt when due, such agreements are held to be free from usury."

Of course, if it appears upon the face of the transaction that there is any trick or device or subterfuge by which the borrower is compelled in order to get the money to pay a larger amount of interest than is allowed by the statute, the note will be determined to be usurious; as, for instance, where the interest is computed in advance and added to the principal, and the maximum rate of interest charged on the principal and interest so compounded. In such case it is evident that the borrower is compelled to pay more than the maximum rate of interest prescribed by the statute, because the form of the note can in no wise change the legal character of the contract. Or, if the interest is to be paid so often and if not so paid compounded, and it is evident that the intention is to obtain more than the legal rate of interest, the result would be the same. But in this case, where the interest is not due or payable until the end of a year, the cycle of time which is taken notice of by the statute, the borrower has the privilege of paying the interest at that time, and we see no reason for holding the note usurious. Nor are we able to discover

from the record that the court erred in finding the amount that was paid upon the note.

The judgment is affirmed.

Mount, C. J., Root, Crow, Fullerton, Hadley, and Rudkin, JJ., concur.